**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CHRISTOPHER W. ODEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18−cv−1046−JPG** |
| | ) | |
| **J. MUNNEKE,** | ) | |
| **L. OWINGS,** | ) | |
| **RANDALL PASS** | ) | |
| | ) | |
| **Defendants.** | | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Christopher Oden, an inmate in U.S.P. Marion, brings this action for deprivations of his constitutional rights, specifically the denial of single-cell status (necessary for his mental health treatment) and denial of medical devices. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

However, failure to accurately disclose one's litigation history is also grounds for dismissal, and because it is apparent here that Plaintiff has attempted to mislead the Court with regards to his litigation history, the Court will dismiss this action with prejudice as a sanction.

### The Complaint

Rather than using the Court's pre-printed form, Plaintiff prepared his own Complaint. However, his preparation closely tracks the pre-printed form. Specifically, Plaintiff addresses the question of previous lawsuits. His statement in its entirety is that "Oden has no other law suits in state or federal court relating to the Defendant 1, 2, 3 listed herein." (Doc. 1, p. 7).

Yet despite the intimation of that statement, Plaintiff is quite the prolific filer. A review of the PACER system shows that Plaintiff has filed at least 13 other federal actions[1]: *Oden v. Wilson*, 18-cv-183-JAG-RCY (E.D. Va. 2018); *Oden v. Mcormick*, 18-cv-154-JAG-RCY (E.D. Va. 2018); *Oden v. Wilson*, 17-cv-0489-JAG-RCY (E.D. Va. 2017); *Oden v. True*, 18-cv-600-MJR (S.D. Ill. 2018); *Oden v. Wilson*, 18-6698 (4th Cir. 2018); *Oden v. United States*, 16-cv-047-JPB-JES (N.D. W.Va 2016); *Oden v. State of North Carolina*, 16-cv-193-JAG-RCY (E. D. Va. 2016); *Oden v. Wilson*, 16-cv-110 (E.D. Va. 2016); *Oden v. Wilson*, 17-cv-286-RCY (E.D. Va. 2017); *Oden v. Wilson*, 16-cv-307-JAG-RCY (E.D. Va. 2016); *Oden v. Wilson*, 15-cv-196-JAG-RCY (E.D. Va. 2015); *In Re Christopher Oden*, 15-2308 (4th Cir. 2015); and *Oden v. Wilson*, 16-7680 (4th Cir. 2016).

### Discussion

District courts may dismiss litigation without further warning or opportunity to cure in the event that a litigant makes material and intentional omissions in filing his complaint. *Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011). A pro-se prisoner's litigation history is material because that that information enables a court to manage its docket and adhere to the 3-strikes requirement of 28 U.S.C. 1915(g). *Id.* at 544.

---

[1] This is not intended to be a comprehensive list and omits Plaintiff's criminal and social security proceedings.

Plaintiff has attempted to comply with the disclosure requirement by specifically stating that he has not filed another lawsuit against the specific defendants named in this suit. But that is not the requirement; the Court's form asks about "any other lawsuits in state or federal court relating to your imprisonment." While Plaintiff's interpretation may address the concern about duplicative litigation, it does nothing to assist the Court in assessing the application of the three-strikes requirement.

Although Plaintiff did not use the form, he has in the past. Plaintiff's Complaint in 17-cv-489-JAG-RCY (E.D. Va.), filed less than 12 months prior to this one, uses a standard complaint form with similar language: "Have you ever begun other lawsuits in state or federal court relating to your imprisonment?" (17-489, Doc. 1). Plaintiff was on notice that he was obligated to disclose his litigation history and that the standard question was far broader than the question he chose to answer in this suit. Moreover, that complaint demonstrates a pattern of obscuration; Plaintiff checked the "no" box in response to that question, despite that fact that he had filed at least 8 other lawsuits prior to that suit, 1 of which was filed mere months before. (17-489, Doc. 1, pp. 2-4). Plaintiff has also failed to disclose his litigation history in his other multi-plaintiff suit pending in this Court, No. 18-cv-600, in which he merely alleges that "Plaintiffs have not begun any other class action lawsuits in federal or state court relating to the current complaint." (18-600, Doc. 1, p. 6).

The Court will also consider whether it should warn Plaintiff prior to dismissing this action, but it believes the answer is no. As the Seventh Circuit recently said, "no one needs to be warned not to lie to the judiciary." *Ayoubi v. Dart*, 640 F. App'x 524, 529 (7th Cir. 2016); *see also Wheeler v. Talbot*, 695 F. App'x 151, 155 (7th Cir. 2017) ("A litigant must present issues candidly to the judge and may not presume that, because (in the litigant's view) a judge should

rule in his favor, he is entitled to keep the judge in ignorance.").  And Plaintiff's past litigation history shows that he was aware of the disclosure requirement and willfully and repeatedly interpreted it to obscure his true litigation history.

It may be appropriate to consider lesser sanctions.  *Hoskins*, 633 F.3d at 544; *Oliver v. Gramley*, 200 F3d. 465, 466 (7th Cir. 1999).  However, there are already indications on the docket that lesser sanctions would be ineffective.  Plaintiff is proceeding pro-se.  (Doc. 10).  He was assessed an initial partial filing fee of $37.48, which he has not paid.  Moreover, he began disputing his obligation to pay the filing fee at the same time he initiated suit.  Plaintiff's Complaint contains a section entitled "Notice for Payment."  (Doc. 1, p. 4).  In it, Plaintiff "places this court on notice [of] the constitutional right to seek justice without being charged," and asks the Court to accept a "writ of praecipe" as payment.  *Id*.  In the event the Court does not accept Plaintiff's position that he should be able to proceed without being assessed a filing fee, Plaintiff informs the Court that he only authorizes the Court to take 20% of his total income, regardless of how many cases Plaintiff files, in contrast to the Court's usual practice of taking 20% per case filed.  Based on Plaintiff's reluctance to part with his money to satisfy his statutorily-created obligation to pay a filing fee, and his limited funds to begin with, the Court believes that monetary sanctions would not be effective to deter Plaintiff from future attempts to mislead the Court.

In conclusion, the Court finds that Plaintiff has made a material omission on his Complaint form by omitting his entire litigation history.  The Court also finds that Plaintiff has a pattern or practice of omitting or obscuring his litigation history, despite being on notice that it is required information.  The Court finds that Plaintiff's omission is willful, and represents intentional fraud on the Court.  The Court further finds that monetary sanctions will not deter

Plaintiff because he is an indigent litigant with little funds available, and because he has already demonstrated a reluctance to pay the statutorily-required filing fees. For all of the above reasons, the Court will dismiss this suit with prejudice as a sanction for misleading the Court. The Court will not assess a strike.

### Pending Motions

As this suit will be dismissed with prejudice, Plaintiff's pending motions are denied as moot. (Doc. 3) (Doc. 4) (Doc. 8).

### Disposition

**IT IS HEREBY ORDERED** that this suit is **DIMISSED with prejudice** as a sanction for misleading the Court. Plaintiff's motions are **DENIED** as **MOOT**. (Doc. 3) (Doc. 4) (Doc. 8). Plaintiff is not assessed a strike pursuant to 28 U.S.C. § 1915(g).

The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED.**

**DATED: July 24, 2018**

s/J. Phil Gilbert
**U.S. District Judge**