IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER W. ODEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 18-cv-1046-JPG |
| ) | |
| **J. MUNNEKE,** ) | |
| **L. OWINGS, and** ) | |
| **RANDALL PASS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Christopher Oden, an inmate with the Federal Bureau of Prisons ("BOP") who is currently incarcerated at the United States Penitentiary located in Marion, Illinois ("USP-Marion"), brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority that occurred in connection with his placement and treatment under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff seeks monetary relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff was transferred to USP-Marion on April 17, 2017. (Doc. 1, p. 10). Plaintiff had been diagnosed with a number of medical conditions, including severe head trauma, spinal issues, a torn ACL, post-traumatic stress disorder, and an unspecified personality disorder. (*Id.*, p. 9). Due to these conditions, Plaintiff had previously been assigned a walker, special bedding, and single-cell status—the last apparently because of a history of violent encounters with staff and other inmates. (*Id.*, pp. 9-10).

Plaintiff was seen by Defendant Pass, clinical director at USP-Marion. (*Id.*, p. 10). Despite being told the reasons Plaintiff had been given these accommodations and aids at his prior prison, Pass did not authorize the cane, walker, or single-cell status. (*Id.*, pp. 10, 17). Plaintiff was told that the medical staff does not handle single-cell status requests at USP-Marion, but that Pass informed "Psychology and Medical HSA" of the issue. (*Id.*).

Plaintiff made Defendant Munneke, Psychology Chief at USP-Marion, aware that he needed a single-person cell for psychological reasons. Munneke responded that they "don't issue single cells" and not to see him until the following year. (*Id.,* p. 10). Defendant Owings succeeded Munneke as Psychology Chief shortly thereafter and also failed to authorize a single-person cell. (*Id.*, p. 11). Plaintiff was assigned to a three-person cell that he alleges was designed for a single prisoner. Subsequent e-mails and consultations with Owings have yielded no results.

Plaintiff states that these deprivations have caused him injury, including exacerbating his psychological issues. (*Id.*, p. 8).

Based on the allegations summarized above, the Court finds it convenient to designate the following counts in this pro se action:

**Count 1:** Eighth Amendment claim for unconstitutional conditions of confinement against Defendants for housing Plaintiff in a cell with two other inmates and exposing him to the risk of psychological harm.

**Count 2:** Eighth Amendment deliberate indifference to medical care claim against Pass for denying Plaintiff a cane, walker, and special bedding.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

### Count 1

Plaintiff has adequately stated claims as to Owings and Munneke, but not Pass. A claim for unconstitutional conditions of confinement, whether brought pursuant to 42 U.S.C. § 1983 against a state actor or *Bivens* against a federal official, has an objective and a subjective component. To satisfy the objective component, a plaintiff must demonstrate that the prison officials knowingly denied him the "minimal civilized measure of life's necessities." *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). These necessities include adequate shelter, clothing, and medical care, among other things. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). To satisfy the subjective component, a plaintiff must also demonstrate that officials acted with deliberate indifference to his health or safety. *Ziglar v. Abbasi*, ––– U.S. –––, 137 S. Ct. 1843 (2017).

Here, Plaintiff has adequately pled that Owings and Munneke knew that he was being housed in overcrowded conditions which—given his psychological state—constituted inadequate

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Specifically, while there might conceivably be a claim related to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, Plaintiff requests relief that is not available under the ADA and has not named a proper party under the ADA.

3

shelter. However, Plaintiff has not adequately pled that Pass, as Clinical Director, was deliberately indifferent to his health and safety. Based on the Complaint, it appears Pass was not empowered to take any action to reassign Plaintiff to a single-person cell—rather, he apparently took what action was available and informed other departments of the concern. "Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). There is no indication, therefore, that Pass was deliberately indifferent to the overcrowding issue.

### Count 2

Plaintiff's claim against Pass for failure to adequately treat his musculoskeletal conditions by denying him use of a cane, walker, and special bedding survives threshold review.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) survives preliminary review under 28 U.S.C. § 1915A, as follows: **COUNT 1** will proceed against Defendants **J. MUNNEKE** and **L. OWINGS**, but is **DISMISSED** without prejudice against Defendant **RANDALL PASS**. **COUNT 2** will proceed against Defendant **RANDALL PASS**.

Plaintiff's Motion to Supplement Complaint (Doc. 17) with his litigation history is **GRANTED**, but only to the extent he asks the Court to take notice of his litigation history. If Plaintiff seeks voluntary dismissal of this action as his supplement only suggests, he must file a separate motion pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

Because this case involves one ore more medical claims, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

4

The Clerk of Court shall prepare for Defendants **MUNNEKE, OWINGS,** and **PASS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

This enter matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 11/26/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.