IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER W. ODEN, #07960-087, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 18-cv-01046-JPG ) |
| J. MUNNEKE, L. OWINGS, and RANDALL PASS, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

Plaintiff Christopher Oden filed this action under 42 U.S.C. § 1983 on May 2, 2018, for constitutional deprivations resulting from the alleged denial of his request for single-cell status and medical care at the United State Penitentiary located in Marion, Illinois (USP-Marion). (Doc. 1). Plaintiff also sought leave to proceed *in forma pauperis* without disclosing his litigation history. (Doc. 2). On July 24, 2018, the Court dismissed this action as a sanction against him for attempting to defraud the Court in his application for leave to proceed IFP. (Docs. 11 and 12).

Plaintiff filed a motion seeking reconsideration of this decision, and the Court granted the motion on March 18, 2019. (Doc. 14). His Complaint was screened and survived review under 28 U.S.C. § 1915A. (Doc. 21). On January 31, 2020, Defendants filed a Motion to Dismiss for Failure to State a Claim. (Doc. 41). Plaintiff requested and received an extension of time to respond to the Motion to Dismiss. (*See* Docs. 43 and 44). The Court also recruited counsel to represent Plaintiff in doing so. (Docs. 38 and 39).

1

Plaintiff has since stopped communicating with the Court in this matter and has failed to update his address. Since March 17, 2020, his mail has been returned to the Court undeliverable. (*See* Docs. 48-50, 52-58). He has not provided the Court with his updated address.

On March 18, 2020, the Court entered an Order to Show Cause, reminding Plaintiff of his continuing obligation to update his address and requiring him to demonstrate why this action should not be dismissed for failure to comply with this court order and for want of prosecution. (Doc. 55). A response was due on or before March 30, 2020. Prior to that date, the Order to Show Cause was returned to the Court undeliverable. (Doc. 58). Plaintiff also missed the deadline for responding to the show cause order.

The Court extended this deadline to April 29, 2020. (Doc. 59). However, the Court warned Plaintiff that his failure to respond to the show cause order by the extended deadline would result in dismissal of the action without another extension. *See id.* (citing Fed. R. Civ. P. 41(b)). This Order was also returned to the Court undeliverable. (Doc. 60). The extended response deadline expired almost two weeks ago. Plaintiff has not responded.

The Court has repeatedly warned Plaintiff that this action would be dismissed for failure to prosecute his claims and/or for failure to comply with court orders, if he failed to update his address. (Docs. 5, 21, 55, and 59). Plaintiff has not updated his address. The Court will not continue any efforts to recruit counsel on Plaintiff's behalf or require counsel to respond to the pending Motion to Dismiss, absent Plaintiff's involvement in this action. The Court will also not allow this matter to linger indefinitely.

Accordingly, this action shall be dismissed with prejudice based on Plaintiff's failure to comply with the Court's Orders to update his address (Docs. 5 and 21), his failure to respond to the Court's Order to Show Cause (Docs. 55 and 59), and his failure to prosecute his claims.

## Disposition

**IT IS ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with multiple Court Orders (Docs. 5 and 21), his failure to respond to the Court's Orders to Show Cause (Docs. 55 and 59), and his failure to prosecute his claim(s) herein.  *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice.").  The dismissal of this action does not count as a "strike" under 28 U.S.C. § 1915(g).

**IT IS ORDERED** that Attorney Stanton D. Ernest's obligation to represent Plaintiff in this matter is **DISCHARGED**.

**IT IS ORDERED** that the pending Motion to Dismiss (Doc. 41) is **DISMISSED** as **MOOT**.

**IT IS ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  May 14, 2020**

                    **s/J. Phil Gilbert**
                    **J. PHIL GILBERT**
                    **United States District Judge**